UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRY ZANE | : | CIVIL ACTION NO.: |
| *Plaintiff* | : | 3:25-CV-00402-SFR |
| | : | |
| v. | : | |
| | : | |
| KIMBERLY HILL, THE UNIVERSITY | : | |
| OF CONNECTICUT, and OFER HAREL, | : | |
| ANNE D'ALLEVA, and RADENKA MARIC | : | |
| in their official capacity | : | |
| *Defendants* | : | April 2, 2025 |

**PARTIES 26(f) PLANNING MEETING REPORT**

Date Complaint Filed in Connecticut Superior Court:   March 7, 2025

Date Complaint Served:                                March 10, 2025

Date Removed to Federal Court:                        March 19, 2025

Date of Defendants' Counsel's Appearance:             March 19, 2025

Defendant's Motion to Dismiss:                        April 11, 2025

Defendant's Motion to Stay Discovery:                 April 11, 2025

Plaintiff's Opposition to the Motion to Dismiss due:  May 19, 2025

Plaintiff's Opposition to the Motion to Stay due:     May 19, 2025

    Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel for the parties conferred by email and via videoconference (Teams) on April 9, 2025, and on April 28, 2025. The participants were Attorney Michael Thad Allen for the Plaintiff and Assistant Attorney General Nancy A. Brouillet for the Defendants.

**I.    CERTIFICATION**

Undersigned counsel certifies that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case.

While the parties have discussed settlement, they have been unable to agree regarding the disclosure of settlement discussions in this report.  The parties request a conference with the Court regarding those discussions.  The Plaintiff believes that the Presiding Judge should be informed of the status of settlement discussions while the Defendants maintain that those discussions should not be disclosed to the Presiding Judge or publicly filed in this report.

The parties have developed the following proposed case management plan.  Counsels further certify that they have forwarded a copy of this report to their clients.

**II.    JURISDICTION**

    **A.    SUBJECT MATTER JURISDICTION**

The Defendants removed this matter from the State of Connecticut Tolland Superior Court to this Court.  This Court has subject matter jurisdiction over Plaintiff's Constitutional claims brought pursuant to 42 U.S.C. § 1983 and pendent jurisdiction over the state law claims brought pursuant to Conn. Gen. Stat. § 31-72 and the common law defamation claim.

The Defendants filed a Motion to Dismiss on April 11, 2025 deadline based on various grounds including failure to state a claim and sovereign immunity pursuant to F.R.C.P. 12(b)(6) and 12(b)(1).

    **B.    PERSONAL JURISDICTION**

Personal jurisdiction is not contested.

### III.   BRIEF DESCRIPTION OF CASE

This complaint is brought against the University of Connecticut (UConn) pursuant to Conn. Gen. Stat. § 31-72 seeking allegedly unpaid wages and compensation, and against the official capacity Defendants pursuant to 42 U.S.C. § 1983 based on the Fifth Amendment and the Fourteenth Amendment alleging violations of the Takings Clause and Due Process.  Plaintiff also brings a common law tort claim against the individual capacity Defendant Kimberly Hill.

#### A.  CLAIMS OF PLAINTIFF

Plaintiff Sherry Zane brings this civil action in defamation against Kimberly Hill and against the University of Connecticut under Conn. Gen. Stat. §§ 31-71a, et seq., as well is against the Defendants Ofer Harel, Anne D'Alleva, and Radenka Marik in their official capacity as state actors under the Takings Clause of the Fifth Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution to recover wages that she rightfully earned but which the University of Connecticut ("UConn"), her employer, first forced her to withhold and sequestered in an unrestricted account while requiring her to earn these wages through extra work, meaning that she had to earn her wages twice over.

Then, as part of a pretextual investigation and hearing to divest Professor Zane of these rightfully earned wages, Defendant Kimberly Hill intentionally defamed and published false statements in a so-called "Report" of November 14, 2024 in order to ruin the reputation of Professor Zane and get her arrested for "larceny" due to Professor Zane's insistence that she be paid her own rightfully earned wages.

For example, Hill's so-called "Report" states,

> As documented . . . Dr. Zane's appointment . . . is predominantly for the purpose of teaching courses.  University Compliance recognizes that while some in-residence faculty have a portion of their appointment reserved for research, Dr. Zane is not one of them.

3

ECF No. 1-1, ¶ 63.  In fact, this is an affirmative and intentional misrepresentation.

In reality, contemporaneous documents and all professors of the University of Connecticut who have direct knowledge of Professor Zane's work and her research indicate the opposite, including former Associate Dean and Board of Trustees Professor Cathy Schlund Vials, who set up a "research" account for Dr. Zane, as Hill knew.  See e.g., Exhibits to the Complaint, ECF. No. 1-1, Ex. A-Ex. D.

Defendant Hill not only published this Report but then UConn supplied the Report to law enforcement to get Professor Zane arrested.  UConn then supplied the defamatory statements once again to the Hartford Courant, so that Professor Zane could be dragged in the public sphere.

Plaintiff Sherry Zane seeks all legal and injunctive remedies arising from UConn's failure to compensate her for over $80,000 of sequestered wages and for reputational damages arising from defamation per se.  She also seeks an injunction ordering UConn to disgorge her improperly withheld wages and for reinstatement.

### B. DEFENSES AND CLAIMS OF THE DEFENDANTS

The Defendants deny any wrongdoing. More specifically, the Defendants deny they violated any of the Plaintiff's rights or withheld compensation that was due and owing.  Further, the Defendant Hill denies defaming the Plaintiff.

The Defendant Kimberly Hill is sued in her individual capacity only.  In contrast, the Defendants Ofer Harel, Anne D'Alleva, and Radenka Maric are being sued *in their official capacities* only as state employees and the University of Connecticut is sued as a state agency.

The Defendants have filed a motion to dismiss all claims on  April 11, 2025 pursuant to FRCP 12(b)(6) and FRCP 12(b)(1).  The Defendants reserve the right to assert further defenses as they become apparent. The Defendants have asserted a number of defenses including: the

4

Eleventh Amendment; sovereign immunity; ripeness based on the failure to exhaust administrative remedies; and the applicable statutes of limitations. In addition, the claim against the individual capacity Defendant Hill is barred by absolute immunity, qualified immunity and protected by the First Amendment.

IV.   **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following facts are not disputed:

1. The Defendants hold various positions at UConn.
2. Kimberly Hill is Director of University Compliance.
3. Ofer Harel is the Dean of the College of Liberal Arts and Sciences and Professor in the Department of Statistics.
4. Anne D'Alleva is Provost and Executive Vice President for Academic Affairs.
5. Radenka Maric is the President.
6. On February 13, 2025, the Plaintiff was arrested for Larceny in the First Degree in violation of Conn. Gen. Stat. § 53a-122 with an offense date of June 1, 2021.

V.   **CASE MANAGEMENT PLAN**

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as listed below in subsection E.

A.   **INITIAL DISLOSURES**

The parties propose to waive the Initial Discovery Protocols for Employment Cases as the parties will be conduction discovery as set forth herein and they are not applicable to this claim.

B.   **SCHEDULING CONFERENCE WITH THE COURT**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

5

    **C.**     **EARLY SETTLEMENT CONFERENCE**

The parties do not request an early settlement conference at this time.

If a settlement conference is scheduled in the future, the parties prefer a settlement conference with a United States Magistrate Judge. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**  **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

Following removal of this matter to Connecticut District Court, the Defendants moved for a Motion for Extension of Time to file a responsive pleading to the Complaint on March 19, 2025 This motion was granted on March 24, 2025 (Doc. # 15).

The parties state that there is no need to join parties at this time. The parties reserve the right to seek permission of the Court as to any amendment of the pleadings or additional joinder of parties.

    **E.**     **DISCOVERY**

The parties anticipate that discovery will be needed on the following subjects: all of the Plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties, and damages.

    1.    The parties anticipate that discovery will be needed on the following subjects:

        a.    All subjects and issues fairly arising out of Plaintiffs' complaint including, but not limited to, claims for damages; and liability.

        b.    All subjects and issues fairly arising out of Defendants' defenses to Plaintiff's claims including, but not limited to, Defendants' affirmative defenses and denial of claims for damages.

        c.    The parties reserve the right to conduct discovery based upon any additional

        facts discovered. The parties also reserve the right to make appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence immediately, and will be completed (not propounded) by **January 23, 2026.**

3. Discovery will not be conducted in phases.

4. The parties have agreed to waive initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

5. The parties anticipate that Plaintiff will require approximately 6 depositions of fact witnesses. Plaintiff reserves the right to notice additional depositions as relevant evidence surfaces in discovery.

    Defendants will require approximately ten depositions of fact witnesses. The depositions of fact witnesses may commence at any time after the entry of this Scheduling Order by the Court and will be completed by **December 30, 2025.**

6. The parties anticipate serving interrogatories as provided under Fed. Civ. P. 33 but reserve the right to seek leave to serve more than twenty-five interrogatories.

7. Plaintiffs may call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **September 30, 2025**, a date not later than three months before the deadline for completing all discovery. Depositions of such experts will be completed by **November 29, 2025**, a date not later than two months before the

deadline for completing all discovery.

8. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **November 15, 2025,** a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by **December 30, 2025**, a date not later than the discovery cutoff date.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **July 1, 2025.**

10. The undersigned have discussed the disclosure and preservation of electronically stored information (ESI), including, but not limited to, the form in which such ESI shall be produced, search methods to be applied in connection with the retrieval and production of such ESI, the location and format of ESI, appropriate steps to preserve ESI, and the allocation of costs of assembling and producing such information.

The parties do not anticipate the need to exchange voluminous amounts of electronically stored information ("ESI"). The parties, however, have discussed the exchange of ESI, understand their respective obligations to preserve ESI, and agreed to initially produce ESI in PDF format. However, both parties will retain the right to request ESI information in native format.

Where necessary, certain records, including audio, video, or excel files, will be produced in native format. In compliance with the Court's Draft Order Covering Electronic Discovery (ECF No. 16-1, ¶ 9), the parties further agree that documents that contain privileged information or attorney work product shall be immediately returned if it appears that the documents have been inadvertently produced or if there is notice of inadvertent production and that all copies of such documents shall be destroyed by the receiving party.

ESI will be produced in a reasonably usable form.

11. The undersigned have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production.

    a. Pursuant to Federal Rules of Evidence 502(d) and 502(e), the inadvertent or unintentional disclosure by a producing party of documents or information that such party believes is subject to a claim of privilege, including but not limited to attorney-client privilege or work product doctrine, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of privilege with respect to such privileged documents, or generally of such privilege, in this or any other case.

    b. The procedures outlined in Federal Rule 26(b)(5)(B) shall be followed in the event that any such privileged documents are inadvertently disclosed during discovery. In addition, if a receiving party receives materials that obviously appear to be subject to an attorney-client privilege or otherwise protected by a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the party receiving such materials must refrain from examining the materials any more than is essential to ascertain if the materials appear to be privileged, and shall immediately notify the producing party in writing that he or she possesses material that appears to be privileged. In the event that there is a dispute over whether the documents

at issue are protected from disclosure by virtue of a privilege or immunity from discovery, all counsel shall undertake reasonable efforts to resolve the issue without court intervention within ten (10) days of such notice of inadvertent production of privileged documents. In the event of a motion to compel production of the alleged privileged documents, the receiving party may not assert as a ground for compelling production the fact or circumstance that the alleged privileged documents have already been produced.

### F. SCHEDULING ISSUES

On April 11, 2025, the Defendants filed a motion to stay discovery to modify this Court's Order that discovery may commence immediately upon filing of this Rule 26(f) Report. ECF No. 8.

Plaintiff has received an extension of time until May 19, 2025 to oppose any such motion and intends to proceed with discovery.

### G. DISPOSITIVE MOTIONS

Dispositive motions will be filed on or before **March 24, 2026,** or sixty (60) days after discovery closes, whichever is later.

### H. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **April 2, 2026**, or sixty (60) days after this court rules on any summary judgment motions, whichever is later.

## VI. TRIAL READINESS

The case will be ready for trial by **June 2, 2026**, or sixty (60) days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

For PLAINTIFF

SHERRY ZANE

By:  /s/*Michael Thad Allen*
Michael Thad Allen (435762)
Allen Harris PLLC
P.O. Box 404
Quaker Hill, CT 06320
Email: mallen@allenharrislaw.com


For DEFENDANTS,
KIMBERLY HILL, THE UNIVERSITY OF CONNECTICUT, OFER HAREL, ANNE D'ALLEVA, and RADENKA MARIC, in their official capacities

WILLLIAM TONG
ATTORNEY GENERAL

BY:  */s/ Nancy A. Brouillet*
Nancy A. Brouillet
Assistant Attorney General
Federal Bar #03138
Employment Section
165 Capitol Avenue, Suite 5000
Hartford, CT  06106
Tel.: (860) 808-5340
Fax: (860) 808-5383
Email: Nancy.Brouillet@ct.gov

11

## **CERTIFICATION**

I hereby certify that on April 2, 2025 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael Thad Allen
Michael Thad Allen, Esquire
